1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL F. TERRAZAS; NORMA Y. TERRAZAS,<br><br>                                Plaintiffs,<br><br>      vs.<br><br>WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO SOUTHWEST, NA F/K/A WACHOVIA MORTGAGE FSB F/K/A WORLD SAVINGS BANK FSB; AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>                              Defendants. | CASE NO. 13-CV-0133 BEN (MDD)<br><br>**ORDER DENYING PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>[ECF No. 3] |

Pending before the Court is Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to California Civil Code Section 2924.12(a)(1) seeking to enjoin the trustee's sale of Plaintiffs' real property scheduled for Monday, February 4, 2013. Plaintiffs bring this action against Defendant Wells Fargo Bank, N.A, successor by merger to Wells Fargo Bank Southwest, N.A. f/k/a Wachovia Mortgage FSB f/k/a World Savings Bank FSB ("Wells Fargo"). (ECF No. 3.) They contend that Wells Fargo has no ownership interest in the property, and thus no right to foreclose. For the reasons set forth below, the Court **DENIES** Plaintiffs' emergency motion.

//

//

**BACKGROUND**

This case involves property located at 1215 Pinehurst Road, Chula Vista, California (the "Property"). (Compl. ¶ 6.) Plaintiffs allege that in October 2005, they obtained title by grant deed. (*Id.* ¶ 26.) They allege that they executed a Note and Deed of trust in favor of World Savings Bank ("World Savings Bank"), but about December of that year, World Savings Bank sold and transferred the Note and Deed of Trust. (*Id.* ¶ 19, 27, 29.) Although the beneficiary is "presently unknown," Plaintiffs assert that it was not Wells Fargo (*Id.* ¶ 19, 29, 40.) Wells Fargo later merged with the successors of World Savings Bank. (*Id.* ¶ 43.) Plaintiffs anticipate that Wells Fargo will submit a "blatantly fraudulent and fabricated 'assignment'" to the Court in an attempt to show, improperly, that it is the true holder of Plaintiffs' financial obligation. (*Id.* ¶ 21.)

In September 2012, a "Notice of Default and Election to Sell Under Deed of Trust" was recorded on the property by an agent for Wells Fargo, whereby Wells Fargo sought payment of $33,584.30. (*Id.* ¶ 57.) On December 26, 2012, Wells Fargo caused its agent to send Plaintiffs a "Notice of Trustee Sale." (*Id.* ¶ 58.)

Plaintiffs responded on January 16, 2013, by filing this lawsuit. The Complaint asserts six causes of action: (1) Declaratory Relief pursuant to 28 U.S.C. §§ 2201 and 2202; (2) Quasi Contract; (3) Negligence; (4) Violation of 15 U.S.C. § 1692 *et seq.*; (5) Violation of California Business and Professions Code § 17200 *et seq.*; and (6) Accounting. Among other things, Plaintiffs seek a declaration that Wells Fargo has "no legally cognizable rights" as to the property, note, or deed of trust.

The trustee's sale, originally scheduled for January 24, 2013, was rescheduled at some point for February 4, 2013. (Decl. of Joseph La Costa ¶¶ 2c, 2g, ECF No. 4.) On January 29, Plaintiffs filed this "emergency motion" for a TRO and preliminary injunction. (Mot., ECF No. 3.) Judge Thomas Whelen recused himself from the case on January 31, 2013, and the matter was reassigned to this Court. (ECF No. 5.)

//

//

//

**DISCUSSION**

### 1.      Legal Standard

A temporary restraining order ("TRO") is a form of preliminary injunctive relief limited to "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bd. of Teamsters*, 415 U.S. 423, 439 (1974). It is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Counsel*, 555 U.S. 7, 24 (2008).

Federal Rule of Civil Procedure 65 outlines the procedure the Court must follow in deciding whether to grant a TRO. "The stringent restrictions imposed . . . by Rule [65] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods*, 415 U.S. at 438-39 (footnote omitted). Issuance of a TRO without written or oral notice to the adverse party or its attorney is *only* permitted if: "(A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1).

The Court's substantive analysis on a motion for a TRO is substantially identical to that on a motion for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a risk of irreparable harm absent injunctive relief; (3) the balance of equities tips in favor of injunctive relief; and (4) injunctive relief is in the public interest. *Winter*, 555 U.S. at 20. In the Ninth Circuit, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

### 2.      Notice

Even though Plaintiffs files a proof of service for this motion, its contents raise serious

1    questions about the adequacy of notice.  The proof of service was filed on January 29, 2013.  (ECF

2    No. 3-1.)  Plaintiffs' counsel indicates that he filed the motion electronically using the CM/ECF

3    system, mailed it to Wells Fargo in South Dakota, and mailed/faxed it to a California law firm

4    that"appeared to be handling part of the nonjudicial foreclosure sale process," all apparently on the

5    January 29.  (ECF Nos. 3-1, 4.)  Defendants have yet to appear in this case, so they would not have

6    received notice via electronic case filing.  In addition, because Plaintiffs chose to mail the application

7    to South Dakota, the Court is uncertain whether Wells Fargo knows yet that the motion has been filed.

8    The Court declines to assume that Wells Fargo is on notice of Plaintiffs' application for a TRO.  The

9    restrictions of Rule 65(b) apply.

10           Plaintiff's counsel did file a declaration on January 30 describing his efforts to give notice to

11    the opposing party.  He states that when he served Wells Fargo with the underlying complaint on

12    January 18, he included a letter advising that he would seek a TRO/preliminary injunction if the

13    foreclosure sale was not suspended.  He explains that he sent a similar letter to the purported

14    foreclosure trustee as well as to the aforementioned law firm.  On January 29, when he learned that

15    the sale had been postponed until February 4, he filed this application for injunctive relief.  He does

16    not explain why he did not fax, email or call Wells Fargo's counsel to let that party know that he was

17    moving forward with his request for TRO.  Nor does he present any specific facts showing that

18    immediate and irreparable loss will result before the adverse party can be heard in opposition.  Under

19    these circumstances, the Court is reluctant to grant injunctive relief.

20           **3.      Merits**

21           Regardless, Plaintiffs' motion fails on the merits.  Plaintiffs do not cite to or establish the four

22    requirements for issuance of a temporary restraining order.  Although the Court acknowledges that

23    the loss of a home can, in some instances, constitute irreparable harm, *see, e.g.*, *Perry v. Nat'l Default*

24    *Servicing Corp.*, No. 10-cv-03167-LHK, 2010 WL 3325623, at *6 (N.D. Cal. Aug. 20, 2010),

25    Plaintiffs make no argument regarding how the Court's ruling on Plaintiff's Motion will affect the

26    public interest or how the balance of equities favors Plaintiffs.

27           Moreover, Plaintiffs fail to carry their burden of showing a likelihood of success on the merits.

28

The only stated basis for the motion for a TRO[1] is that the notices of default and sale were not prepared based on "competent and reliable evidence" as required by California Civil Code § 2924.17(a), (b).[2] (Mot. at 2.)  Those subsections provide:

> (a) A declaration recorded pursuant to Section 2923.5 or, until January 1, 2018, pursuant to Section 2923.55, a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924, or a declaration or affidavit filed in any court relative to a foreclosure proceeding shall be accurate and complete and supported by competent and reliable evidence.

> (b) Before recording or filing any of the documents described in subdivision (a), a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

CAL. CIV. CODE § 2924.17(a), (b).

This argument is premised on Plaintiffs' broader theory that Wells Fargo is a third-party stranger to their mortgage loan and has no right to proceed with a nonjudicial sale of the Property. The Court is not persuaded that Plaintiffs' bare allegations suffice to establish a likelihood of success. "Several courts have recognized the existence of a valid cause of action for wrongful foreclosure where a party alleged not to be the true beneficiary instructs a trustee to file a Notice of Default and initiate nonjudicial foreclosure."  *Barrionuevo v. Chase Bank, N.A.*, C-12-0572 EMC, 2012 WL 3235953, at *7 (N.D. Cal. Aug. 6, 2012).  In this case, however, Plaintiffs have submitted no specific facts that would suggest World Savings Bank had alienated its interest in Plaintiff's deed of trust to an unidentified third party or that Wells Fargo lacks the authority to proceed with the foreclosure.  The Court will not grant an extraordinary remedy such as a TRO or preliminary injunction based on speculation.

## CONCLUSION

In light of the above, the Court finds that Plaintiffs are not entitled to an injunction enjoining the trustee's sale from going forward on February 4, 2013.  Plaintiffs' Emergency Motion for

---

[1] The Court declines to infer additional arguments from the Complaint. *See Shaterian v. Wells Fargo Bank*, NO. C-11-920 SC, 2011 WL 2314151, at *4 (N.D. Cal. June 10, 2011) ("[A] plaintiff may not support a motion for a preliminary injunction by merely pointing to his complaint and the facts alleged therein.").

[2] Plaintiffs' cite to the "California Code of Civil Procedure" rather than the "California Civil Code."  This appears to be a typographical error.

Temporary Restraining Order And Preliminary Injunction is **DENIED**.

**IT IS SO ORDERED.**

DATED:  February 1, 2013

Hon. Roger T. Benitez
United States District Judge

13cv133